IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JONATHAN WILLIAM BAFFORD,**

                Plaintiff,

                                            CIVIL ACTION
      vs.                                  No. 07-3230-SAC

**OFFICER POKORSKI, et al.,**

                Defendants.

<u>ORDER</u>

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Larned Correctional Mental Health Facility (LCMHF) in Larned, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1] *See* <u>Bafford v. Nelson</u>, D.Kan. Case No. 01-3224-GTV (remainder of $150.00 district court filing fee); <u>Bafford v. Simmons</u>, D.Kan.

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff claims he was subjected to the use of excessive force by Officer Pokorski during a forced extraction of plaintiff from his cell. Plaintiff claims the officer hit plaintiff several times in the face, and kneed plaintiff in the back and shoulder. Plaintiff further claims the LCMHF Warden, and the Secretary of the Kansas Department of Corrections, knew of the officer's misconduct and failed to do anything about it.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners. Wilson v. Seiter, 501 U.S. 294, 296-97

---

Case No. 02-3253-GTV ($150.00 district court filing fee); Bafford v. Simmons, 10th Cir. Appeal No. 04-3136 ($255.00 appellate filing fee).

(1991).  The Eighth Amendment is violated when force is applied "maliciously and sadistically to cause harm," rather than in a "good-faith effort to maintain or restore discipline."  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  The force applied must be "wanton and unnecessary."  Id. at 7.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Id. at 15.

In the present case, plaintiff clearly acknowledges that an extraction response team was called when plaintiff crawled under his bed and refused to transfer to a segregation cell as ordered, and that Officer Pokorski was hitting him while trying to remove plaintiff from under the bed while plaintiff was being pulled from another direction by a different officer.  Plaintiff identifies de minimis injuries at best, limited to bruising on his shoulder and hand that were treated with standard pain medication.  No injury or bruising to plaintiff's face is alleged or documented.

On the face of these allegations, the court finds no showing of a malicious or sadistic use of force by Officer Pokorski, or any use of force "repugnant to the conscience of mankind."  Hudson, 503 U.S. at 9.  See e.g., Miller v. Glanz, 948 F.2d 1562, 1567 (10th Cir. 1991)(no excessive force when inmate resisted instructions to put his hands behind his back and wrestled with officer).  Accordingly, plaintiff's claims against this defendant are subject to being summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

Additionally, plaintiff's claims against Warden Rohling and Secretary Werholtz also are subject to being summarily dismissed

because plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff fails to identify any personal participation by either of these defendants in the alleged violation of his constitutional rights. "Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997).

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983 because plaintiff's allegations state no viable claim of constitutional deprivation.[2]  See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district

---

[2] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 4th day of October 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge