IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JONATHAN WILLIAM BAFFORD,

                          Plaintiff,
                                                  CIVIL ACTION
          vs.                                     No. 07-3230-SAC

OFFICER POKORSKI, et al.,

                          Defendants.



O R D E R

     Plaintiff, a prisoner incarcerated in the Larned Correctional
Mental Health Facility (LCMHF) in Larned, Kansas, proceeds pro se
and in forma pauperis on a complaint filed under 42 U.S.C. § 1983.

     Plaintiff seeks declaratory relief and damages on claims that
he was subjected to the use of excessive force by Officer Pokorski
during a forced extraction of plaintiff from his cell in October
2006.  Plaintiff claims this officer hit plaintiff several times in
the face and kneed plaintiff in the back and shoulder.  Plaintiff
further claims the LCMHF Warden and the Secretary of the Kansas
Department of Corrections, knew of the officer's misconduct and
failed to do anything about it.

     By an order dated October 4, 2007, the court directed plaintiff
to show cause why the complaint should not be summarily dismissed as
stating no claim upon which relief can be granted under § 1983
against any defendant.  Having reviewed plaintiff's responsive

pleadings, the court concludes the complaint should be dismissed.[1]

Plaintiff's allegations against Officer Pokorski center on that officer's use of force during a cell extraction.  The documentation plaintiff provided with the complaint discloses that a five member cell extraction team was activated in response to plaintiff initiating a security encounter over an order to remove the mattress from his cell, the offer of a towel rather than a paper gown to cover plaintiff, and plaintiff's threats to harm himself.  No significant injury to plaintiff resulted from that use of force, and plaintiff correctly notes that none is required to establish a cognizable constitutional claim under the Eighth and Fourteenth Amendments.  Nonetheless, plaintiff's bare and conclusory allegation that the force applied by Officer Pokorski was malicious and sadistic is insufficient to state a cognizable constitutional claim of cruel and unusual punishment.

Plaintiff states Officer Pokorski hit him in the face and kneed him in the back after plaintiff ceased resisting and cried for the use of force to stop.  Plaintiff acknowledges, however, that the officers were trying to retrieve him from under a restraint bed where he had retreated, and that he was caught in a tug and pull between officers at the sides and ends of the bed.  Plaintiff does not allege any use of force once he was removed from under the bed, or after he was restrained.

Although a complaint filed pro se by a party proceeding in

---

[1]Plaintiff filed an interlocutory appeal from the show cause order dated May 1, 2008.  The Tenth Circuit Court of Appeals dismissed that appeal July 1, 2008.

forma pauperis must be given a liberal construction, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. __, 127 S.Ct. 1955, 1974 (2007). *See* <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying <u>Twombly</u> standard for dismissing a complaint as stating no claim for relief).

Under the circumstances alleged in the present complaint, plaintiff's allegations concerning the use of force by Officer Pokorski are insufficient on the face of the record to establish a plausible claim that this defendant's use of force was applied "maliciously and sadistically to cause harm," rather than in a "good-faith effort to maintain or restore discipline." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992).

As to the remaining defendants, plaintiff again broadly asserts they were responsible for the use of force extraction policy, and failed to properly address plaintiff's grievances and complaints. The court continues to find this insufficient to establish any personal participation by the remaining defendants in any viable claim of constitutional deprivation. *See* <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997).

Accordingly, for the reasons stated herein and in the order entered on October 4, 2007, the court concludes the complaint should

be dismissed as stating no claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 17th day of July 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge